## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 11:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Allen,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

September 28, 2018

Court of Appeals Case No.
18A-CR-1192

Appeal from the Franklin Circuit Court

The Honorable Clay M. Kellerman, Judge

Trial Court Cause No.
24C02-1703-F6-260

**Brown, Judge.**

[1] Christopher Allen appeals his sentence for unlawful possession of a syringe as a level 6 felony. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On or about March 3, 2017, Allen knowingly or intentionally possessed a hypodermic syringe or needle or an instrument adapted for the use of a controlled substance by injection. On March 21, 2017, the State charged him with possession of a syringe as a level 6 felony. On March 14, 2018, the State filed a Notice of Intent to File Habitual Offender Enhancement "if good faith plea negotiations are unsuccessful." Appellant's Appendix Volume 2 at 46.

[3] On March 29, 2018, the court held a guilty plea hearing, and Allen pled guilty as charged. The prosecutor recommended a maximum thirty-month sentence "which would be justified, if by nothing else . . . his criminal history." Transcript Volume 2 at 9. He also recommended that Allen receive credit for time served and that the remainder of the sentence be suspended to probation with the only condition being the completion of an in-patient rehabilitation program. Allen's counsel requested the same sentence, stated that Allen had a bed available for him at the Salvation Army, and asked to continue the sentencing until a pending probation violation was resolved. The court accepted Allen's plea and scheduled a sentencing hearing for April 10, 2018.

[4]     At the sentencing hearing Allen's counsel argued that the Salvation Army had a bed available for him immediately, that Allen used drugs during his most recent stay in the Department of Correction, and that he needed a treatment program. His counsel also stated that Allen had "been in jail now for five months, so he's certainly been cleaned out" and "[h]e's not sick in any way." *Id.* at 18. The court stated:

> Mr. Allen, I understand the arguments of your counsel, I do, and I also keep looking at your criminal history and I know – I know that you've been told multiple times to take you know, rehabilitation seriously, and the record in this case indicates that you've been given that chance here recently, and you said you were going to do it and it didn't go well.

*Id.* at 23. The court found Allen's criminal history including thirteen convictions and five previous probation violations to be an aggravating factor. The court stated: "You have a decade left on probation, there's just not much else – there's not much reason I can think of to sentence [] you [to] any more probation; I don't know what else probation can do for you." *Id.* at 23-24. The court considered Allen's guilty plea and sentenced him to two years in the Franklin County Security Center.

### Discussion

[5]     The issue is whether Allen's sentence is inappropriate in light of the nature of the offense and his character. Allen acknowledges that he had a substantial criminal history but states that all but one of his felonies was a low-level felony. He also asserts that the State agreed that he appeared to be ready to engage in

treatment for his addiction. The State argues that Allen's sentence is not inappropriate.

[6] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] Ind. Code § 35-50-2-7 provides in part that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year.

[8] Our review of the nature of the offense reveals that Allen knowingly or intentionally possessed a hypodermic syringe or needle or an instrument adapted for the use of a controlled substance by injection. Our review of the character of the offender reveals that Allen pled guilty as charged after the State filed a Notice of Intent to File Habitual Offender Enhancement. While the record does not contain a presentence investigation report, the prosecutor stated at the guilty plea hearing that he thought the parties would agree that Allen had a substantial criminal history, that he thought Allen had six prior felony convictions, and that it "looks like at least four of those were for marijuana, that was at the time elevated to a Class D felony, based on prior convictions." Transcript Volume 2 at 6-7. When asked by the court what number of

conviction this would be, the prosecutor answered: "I think this would be a seventh felony; there's also misdemeanor convictions." *Id.* at 7. Allen indicated that there was a pending probation violation. At the sentencing hearing, the court asked about Allen's criminal history, and the prosecutor replied: "[F]or purposes of review, dealing in controlled substances, Class B, 2011; possession of marijuana, a D felony 2011; possession of marijuana, D Felony 2011; possession of marijuana, D felony 08; possession of marijuana, D felony 07; receiving stolen property, D felony 03. There's some misdemeanor convictions as well . . . ." *Id.* at 15. When asked how many misdemeanors, the prosecutor stated: "That I don't know. I lost – there were older cases, and there's only so much room on the page where I usually put a criminal history. With the significance of the felony convictions, I don't know that." *Id.* at 15-16. When asked by the court, the court reporter stated that Allen had six prior misdemeanor convictions and six prior felony convictions.

[9] When asked by the court about the sentence Allen received on his most recent felony conviction, the prosecutor answered: "The most recent he got, dealing in a controlled substance, Class B felony, 2011, . . . he was sentenced to 17 years with five suspended. He was released on or about – in June of 2016, and I guess nine months later he got in trouble for this matter." *Id.* at 11. The court asked: "Was his bond to be bonded out to go to rehab, and then didn't go?" *Id.* Allen's counsel answered: "Correct. He left after I think one day, he didn't stay there." *Id.* When asked if Allen had violated probation previously, the court reporter stated: "He's been placed on probation six times out of circuit court.

He completed one term successfully, and after that he's had five probation violations." *Id.* at 16. Allen's counsel stated that Allen told him that "on his most recent stay in the Department of Corrections, he was still using drugs in the Department of Corrections." *Id.* at 17.

[10] After due consideration, we conclude that Allen has not sustained his burden of establishing that his sentence of two years is inappropriate in light of the nature of the offense and his character.

### Conclusion

[11] For the foregoing reasons, we affirm Allen's sentence.

[12] Affirmed.

Altice, J., and Tavitas, J., concur.